WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Tel:  (212) 819-8200
J. Christopher Shore (JS-3061)
Gerard Uzzi (GU-2297)

Wachovia Financial Center
Suite 4900
200 South Biscayne Blvd.
Miami, Florida 33131
Tel:  (305) 371-2700
Thomas E Lauria (*pro hac vice*)
Richard S. Kebrdle (*pro hac vice*)

Attorneys for Appaloosa Management L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re | : |  |
|  | : | Case No. 06-10354 (BRL) |
| Dana Corporation, et al., | : |  |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------------x

**STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL OF**
**APPALOOSA MANAGEMENT L.P. FROM ORDER ENTERED BY THE**
**BANKRUPTCY COURT ON  AUGUST 1, 2007 [DOCKET NO.  5879]**

Appaloosa Management L.P. ("Appaloosa"), the largest holder of equity

securities of Dana Corporation (collectively with its jointly administered subsidiaries, the

"Debtors"), by and through its undersigned attorneys, pursuant to Rule 8006 of the Federal Rules

of Bankruptcy Procedure, hereby submits its statement of the issues to be presented and

designates the record on appeal to the United States District Court for the Southern District of

New York with respect to the order of the United States Bankruptcy Court for the Southern

District of New York (the "Order"), dated August 1, 2007 [Docket No. 5879], which grants the Debtors' Motion Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, Approving Settlement Agreements with the United Steelworkers and United Autoworkers, and Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c), 503 and 507, Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5645].

### Issues to be Presented on Appeal

1.      The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") erred as a matter of fact and law in approving the Investment Agreement[1] and the Plan Support Agreement under the business judgment test and by not applying a higher standard of scrutiny.

2.      The Bankruptcy Court erred as a matter of fact and law in determining that the Debtors' decision to enter into the Investment Agreement and the Plan Support Agreement represents a sound exercise of their business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications.

3.      The Bankruptcy Court erred as a matter of fact and law in determining that the Investment Agreement and the Plan Support Agreement were negotiated at arms' length and in good faith.

4.      The Bankruptcy Court erred as a matter of fact in determining that Centerbridge would not enter into the Investment Agreement without the Break-up Fee, the Expense Reimbursement, the Termination Fee and the Commitment Fee.

5.      The Bankruptcy Court erred as a matter of fact and law in determining: that the Debtors have a demonstrated sound business justification for the payment of the Break-up Fee,

---

[1]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order.

the Expense Reimbursement, the Termination Fee and the Commitment Fee; that each of the foregoing are fair, reasonable and provide a benefit to the Debtors' estates; and that each of the foregoing are entitled to protection under section 363(m) of the Bankruptcy Code.

6.    The Bankruptcy Court erred as a matter of fact and law in determining that the relief granted was in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest in the chapter 11 cases.

7.    The Bankruptcy Court erred as a matter of fact and law in determining that the relief ordered is not a *sub rosa* plan.

8.    The Bankruptcy Court erred as a matter of fact and law in determining that the relief ordered did not improperly delegate or restrict the Debtors' statutory duties.

9.    The Bankruptcy Court erred as a matter of fact and law in approving the Bid Process.

10.    The Bankruptcy Court erred as a matter of fact and law in altering the standard for assessing competing bids.

11.    The Bankruptcy Court erred as a matter of fact and law in restricting its power to review the parties' conduct in connection with the Bid Process and to oversee the Debtors' conduct of the chapter 11 cases.

## Designation of Items to be Included in the Record on Appeal[2]

1.    Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and

---

[2]    Each designated item includes any exhibits to such item.  Each reference to "Docket No.___" includes all documents within that Docket number.

MIAMI 738565 (2K)

Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5645].

2.      Notice of Filing Corrected Exhibit A to Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5655].

3.      Preliminary Objection of Appaloosa Management L.P. to Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5656].

4.      Objection of Brandes Investment Partners, L.P. to Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5747].

5.      Notice of Filing of Amendment to Plan Support Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§

4

1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5752].

6.      Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and the United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5756].

7.      Statement of UAW in Support of Debtors' Motion for Order (A) Approving Settlement Agreement with USW and UAW and (B) Authorizing Debtors to Enter Plan Support Agreement [Docket No. 5758].

8.      Joinder of Wilmington Trust Company as Indenture Trustee to Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5761].

9.      Notice of Filing of Second Amendment to Plan Support Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and

MIAMI 738565 (2K)

(B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5764].

10.    Supplemental Objection of Appaloosa Management L.P. to Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5766].

11.    Ex Parte Motion for an Order Granting the Official Committee of Unsecured Creditors Leave to File Certain Confidential Information Under Seal [Docket No. 5770].

12.    First Appendix in Further Support of the Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and the United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5781].

13.    Joinder of the Timken Company to Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investing Agreement and

6

Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5789].

14.     Reply to Motion Debtors' Omnibus Reply to Objections to Motion for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5790].

15.     Notice of Filing of Investment Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5791].

16.     Reply to Motion CORRECTED – Debtors' Omnibus Reply to Objections to Motion for Entry of an Order (A) Approving Settlement Agreements with the United SteelWorkers and United AutoWorkers and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5792].

17.     Debtors' Objection to First Appendix in Further Support of Official Committee of Unsecured Creditors' Objection to Debtors' Motion for Entry of an Order Approving and Authorizing the Debtors to Enter into (A) Settlement Agreements with the United Steelworkers and the United Autoworkers and (B) Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5798].

18.     Notice of Filing of Third Amendment to Plan Support Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving

Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5800].

19.    Appaloosa Management L.P.'s List of Exhibits and Deposition Designations to be Introduced at the Hearing on the Motion for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5801].

20.    Debtors' Objection and Response to Appaloosa Management L.P.'s List of Exhibits and Deposition Designations to be Introduced at the Hearing on the Motion for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5809].

21.    Notice of Filing of Summary of Changes to the Global Settlement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and

8

Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5810].

22.     Second Supplemental Objection of Appaloosa Management L.P. to Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (b) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5811].

23.     Statement of the Ad Hoc Committee of Dana Noteholders in Support of Amended Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5814].

24.     Notice of Filing of Executed Investment Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5815].

25.     Notice of Filing of Amended Plan Support Agreement in Connection with Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and United Autoworkers, Pursuant to 11 U.S.C. §§

MIAMI 738565 (2K)

1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5816].

26.    First Appendix in Further Support of the Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors and Debtors in Possession for Entry of an Order (A) Approving Settlement Agreements with the United Steelworkers and the United Autoworkers, Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, and (B) Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements, Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c)(1), 503 and 507 [Docket No. 5832].

27.    Order signed on August 1, 2007 Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, Approving Settlement Agreements with the United Steelworkers and United Autoworkers, and Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(c), 503 and 507, Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5879].

28.    Letter to Judge Lifland from Corinne Ball and Babette Ceccotti, dated April 30, 2007 [Docket No. 5186].

29.    Letter to Judge Lifland from Corinne Ball and Babette Ceccotti, dated May 31, 2007 [Docket No. 5410].

30.    Letter to Judge Lifland from Corinne Ball and Babette Ceccotti, dated June 15, 2007 [Docket No. 5526].

31.    Letter to Judge Lifland from Corinne Ball, Niraj R. Ganatra, and David R. Jury, dated July 2, 2007 [Docket No. 5614].

32.     Joint Letter on Behalf of the Debtors and the UAW and the USW to Judge Lifland with Respect to the Debtors' Motion to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114(e) of the Bankruptcy Code [Docket No. 5651]

33.     Order signed on August 1, 2007 Pursuant to 11 U.S.C. §§ 1113 and 1114(e) and Federal Rule Of Bankruptcy Procedure 9019, Approving Settlement Agreements with the United Steelworkers and United Autoworkers, and Pursuant to 11 U.S.C. §§105(a), 363(b), 364(c), 503 and 507, Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements[Docket No. 5879].

34.     Notice of Appeal of Order Pursuant to 11 U.S.C. §§1113 and 1114(e) and Federal Rule of Bankruptcy Procedure 9019, Approving Settlement Agreements with the United Steelworkers and United Autoworkers, and Pursuant to 11 U.S.C. §§105(a), 363(b), 364(c), 503 and 507, Authorizing the Debtors to Enter into Plan Support Agreement, Investment Agreement and Related Agreements [Docket No. 5966].

35.     Transcript of Hearing Held on March 12, 2007 Re: 1113/1114 Evidentiary Hearing; Pre-Trial Conference; Motion to Authorize Debtors to Terminate Unvested Non-Pension Benefits of (I) Non-Union Retires and (II) Non-Union Active Employees [Docket No. 4979].

36.     Transcript of Hearing Held on March 26, 2007 [Docket No. 4996].

37.     Transcript of Hearing Held on March 26, 2007 [Docket No. 5030].

38.     Transcript of Hearing Held on March 26, 2007 [Docket No. 5266].

39.     Transcript of Hearing Held on March 27, 2007 [Docket No. 5116].

40.     Transcript of Hearing Held on March 28, 2007 [Docket No. 5123].

MIAMI 738565 (2K)

41.      Transcript of Hearing Held on March 29, 2007 [Docket No. 5109].

42.      Transcript of Hearing Held on April 3, 2007, Re: Evidentiary Hearing [Docket No. 5124].

43.      Transcript of Hearing Held on July 26, 2007 [Docket No. 5918].

44.      Excerpts of deposition of Jeffrey H. Aronson, Managing Principal, Centerbridge Partners, L.P. (July 20, 2007) 7:12-19; 103:21-104:21; 137:11-138:25; 140:23-141:15; 149:17-150:17; 153:21-25; 154:6-14 (DESIGNATED AS CONFIDENTIAL).

45.      Excerpts of deposition of Chris Buetner, Vice President of Industrial Relations, Dana Corporation (July 23, 2007) 9:16-20; 10:7-10; 112:8-13; 112:16-23 (DESIGNATED AS CONFIDENTIAL).

46.      Excerpts of deposition of Wendy Fields-Jacobs, United Autoworkers (July 19, 2007) 9:23-25; 10:4-6; 11:3-11; 34:9-22; 40:24-42:25; 69:21-70:7; 90:21-91:15; 93:4-14; 129:6-21; 135:12-136:15; 138:25-139:9; 139:24-140:5, 140:8-16; 159:8-24; 163:25-164:20 (DESIGNATED AS CONFIDENTIAL).

47.      Excerpts of deposition of Cheryl Grise, Board of Directors, Dana Corporation (July 23, 2007) 9:17-10:6; 32:9-12, 14-20; 33:7-34:15; 35: 6-10, 12-20; 49:11-50:15; 50:17; 57:18-25; 59:9-60:9; 60:11; 66:2-5, 7-11; 68:14-69:19; 84:3-12; 89:3-22, 89:24 - 90:22, 90:24 - 91:2; 93:11-94:4 (DESIGNATED AS CONFIDENTIAL).

48.      Excerpts of deposition of Henry Miller, Chairman, Miller Buckfire & Co., LLC (July 19, 2007) 5:10-13; 10:22-11:2; 22:8-23; 27:10-13; 27:15-28:6; 193:3-194:7; 211:25-212:5; 212:7-12; 212:14-18; 213:4-10; 213:12-22 (DESIGNATED AS CONFIDENTIAL).

49.      Excerpts of deposition of Ted Stenger, Managing Director, AlixPartners (July 23, 2007) 6:8-20; 103:6-104:8, 123:6-124:16; 124:20-126:24; 127:2-9; 128:10-25; 129:3-22; 130:19-

23; 131:2-10;132:6-12; 132:23-134:13; 134:17-135:15; 136:9-138:9; 138:13-17; 144:19-145:3;

145:6-7; 147:25-148:5; 148:8-10 (DESIGNATED AS CONFIDENTIAL).

50.    Motion and Memorandum of Law of Debtors and Debtors in Possession to Reject

Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to

Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4672].

51.    Redacted Motion and Memorandum of Law of Debtors and Debtors in Possession

to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant

to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4751].

52.    Opposition to Motion of Debtors and Debtors in Possession to Reject Their

Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections

1113 and 1114 of the Bankruptcy Code [Docket No. 4784].

53.    Memorandum of Law in Support of IAM's Objection to the Motion of Debtors

and Debtors in Possession to Reject Their Collective Bargaining Agreements and to Modify

Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No.

4786].

54.    Declaration of David White in Support of IAM Objection to the Motion of

Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and to

Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code

[Docket No. 4787].

55.    Objection of the IAM to the Motion of Debtors and Debtors in Possession to

Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to

Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4788].

MIAMI 738565 (2K)

56.    Joint Objection to Motion to Reject Collective Bargaining Agreements [Docket No. 4789].

57.    Declaration of Paula Voos [Docket No. 4790].

58.    Declaration of Leon Potok [Docket No. 4791].

59.    Declaration of Susan Taranto [Docket No. 4792].

60.    Declaration of Miguel Foster [Docket No. 4793].

61.    Declaration of Henry Gibson [Docket No. 4794].

62.    Declaration of Craig Zuber [Docket No. 4795].

63.    Declaration of James Robinson [Docket No. 4796].

64.    Declaration of Susan Helper [Docket No. 4797].

65.    Declaration of Patrick O'Malley in Support of Retiree Committee's Opposition to Motion of Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4805].

66.    Corrected Joint Objection to Motion to Reject Collective Bargaining Agreements [Docket No. 4806].

67.    Declaration of Thomas D. Levy in Support of Retiree Committee's Opposition to Motion of Debtors and Debtors in Possession to Reject Collective Bargaining Agreements and to Modify Retiree Benefits Pursuant to Sections 1113 and 1114 [Docket No. 4807].

68.    Declaration of Barbara Boston in Support of Retiree Committee's Opposition to Motion of Debtors and Debtors in Possession to Reject Collective Bargaining Agreements and to Modify Retiree Benefits Pursuant to Sections 1113 and 1114 [Docket No. 4809].

69.    Declaration of Clark Smith in Support of Retiree Committee's Opposition to Motion of Debtors and Debtors in Possession to Reject Collective Bargaining Agreements and to Modify Retiree Benefits Pursuant to Sections 1113 and 1114 [Docket No. 4810].

70.    Declaration of Wayne Watkins in Support of Retiree Committee's Opposition to Motion of Debtors and Debtors in Possession to Reject Collective Bargaining Agreements and to Modify Retiree Benefits Pursuant to Sections 1113 and 1114 [Docket No. 4811].

71.    Declaration of Joseph Gresham Filed by Marianne Goldstein Robbins on Behalf of International Association of Machinists and Aerospace Workers [Docket No. 4844].

72.    Declaration of David L. Perkins Filed by Marianne Goldstein Robbins on Behalf of International Association of Machinists and Aerospace Workers [Docket No. 4845].

73.    Declaration of Marvin Gray Filed by Marianne Goldstein Robbins on Behalf of International Association of Machinists and Aerospace Workers [Docket No. 4846].

74.    Declaration of Gary Stuessel Filed by Marianne Goldstein Robbins on Behalf of International Association of Machinists and Aerospace Workers [Docket No. 4847].

75.    Declaration of David White in Support of IAM Objection to Motion of Debtors and Debtors-in-Possession to Reject Their Collective Bargaining Agreement and to Modify Their Retiree Benefits [Docket No. 4851].

76.    Memorandum of Law in Support of IAM's Objection to Motion of Debtors and Debtors-in-Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits [Docket No. 4852].

77.    Declaration of Gary Stuessel in Support of IAM Objection to Motion of Debtors and Debtors-In-Possession to Reject Their Collective Bargaining Agreement and to Modify Their Retiree Benefits [Docket No. 4853].

78.	Civil Cover Sheet from U.S. District Court, Case Number: 0701888 Judge Kevin P. Castel [Docket No. 4858].

79.	Reply Memorandum in Support of Motion to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4924].

80.	Response of the Official Committee of Unsecured Creditors to the Motion and Memorandum of Law of the Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4862].

81.	Exhibit List for IAW for Section 1113/1114 Hearing [Docket No. 4867].

82.	Joint Reply to Creditors' Committee Response to Motion and Memorandum of Law of the Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4895].

83.	Redacted Reply Memorandum in Support of Motion and Memorandum of Law of the Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4896].

84.	Debtors' Objections to UAW/USW Trial Exhibits in Connection with Hearing on Motion of Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4901].

85.     Debtors' Objections to Retiree Committee Trial Exhibits in Connection with Hearing on Motion and Memorandum of Law of the Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4902].

86.     Supplemental Declaration and Expert Report of Suzanne Taranto in Support of the Joint UAW and USW Objection and Memorandum in Opposition to Motion of Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4922].

87.     Declaration of Paul Voos [Docket No. 4936].

88.     Declaration of Leon Potok [Docket No. 4937].

89.     Declaration of Suzanne Taranto [Docket No. 4938].

90.     Declaration of Miguel Foster [Docket No. 4939].

91.     Declaration (Supplemental) and Expert Report of Suzanne Taranto in Support of the Joint UAW and USW Objection and Memorandum in Opposition to Debtor's Motion to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits [Docket No. 4940].

92.     Declaration of Susan Helper [Docket No. 4959].

93.     Debtors' Supplemental Designation Deposition Testimony in connection with the Hearing on the Motion of Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4954].

94.     Debtors' Second Supplemental Designated Deposition Testimony in Connection with Hearing on the Motion of Debtors and Debtors in Possession to Reject Their Collective

Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 4978].

95.     Notice of Presentment of Order Approving Settlement Agreement by and Between Debtor Dana Corporation and International Association of Machinists and Aerospace Workers [Docket No. 5107].

96.     Agreed Order Signed April 27, 2007 Approving Settlement Agreement Between Dana Corporation and the International Association of Machinists and Aerospace Workers [Docket No. 5180].

97.     Objection to Motion of Debtors and Debtors in Possession to Reject Their Collective Bargaining Agreements and to Modify Their Retiree Benefits Pursuant to Sections 1113 and 1114 of the Bankruptcy Code [Docket No. 5474].

98.     Motion of Dana Corporation, Pursuant to Sections 363, 365 and 105 of the Bankruptcy Code, for an Order Authorizing Dana Corporation to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1601].

99.     Declaration of Richard B. Priory in Support of the Motion of Dana Corporation, Pursuant to Sections 363, 365 and 105 of the Bankruptcy Code, for an Order Authorizing Dana Corporation to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1602].

100.     Declaration of John Dempsey in Support of Motion of Dana Corporation, Pursuant to Sections 363, 365 and 105 of the Bankruptcy Code, for an Order Authorizing Dana

Corporation to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1603].

101.    Joint Objection to Motion and Memorandum of UAW and USW in Opposition to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1791].

102.    Reservation of Rights of the Ad Hoc Committee of Certain Unsecured Creditors Regarding the Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1807].

103.    Unopposed Motion of the Equity Security Holders Committee to Adjourn the Hearing on the Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 1914].

104.    Supplement to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2696].

105.    Supplement to Declaration of Richard B. Priory in Support of Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2697].

106.    Supplement to Declaration of John Dempsey in Support of Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket Nos. 2789 & 2810].

107.    Preliminary Objection of Ad Hoc Committee of Dana Noteholders to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2906].

108.    Objection of Official Committee of Unsecured Creditors to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2908].

109.    Supplemental Joint Objection and Memorandum of UAW and USW in Opposition to Supplement to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer,

MIAMI 738565 (2K)

and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2909].

110.    Second Supplement to Declaration of John Dempsey in Support of Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2931].

111.    Objection of the Official Committee of Equity Security Holders with Respect to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 2932].

112.    Objection to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended, Filed by Greg Zipes on Behalf of the United States Trustee [Docket No. 3245].

113.    Omnibus Reply to Objections to Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J. Burns, its President and Chief Executive Officer, and Five Key Executives of his Core Management Team, and (B) Assume Certain Change of Control Agreements, as Amended [Docket No. 3289].

114.    Extract of Bench Ruling Signed on September 5, 2006 Denying Debtors' Motion for an Order Authorizing Debtors to (A) Enter into Employment Agreements with Michael J.

MIAMI 738565 (2K)

Burns, its President and Chief Executive Officer, and Five Key Executives of his Core

Management Team, and (B) Assume Certain Change of Control Agreements, as Amended

[Docket No. 3380].

115. Notice of Presentment of Proposed Order Establishing Schedule for Hearing on

Long-Term Incentive Plan and Related Matters [Docket No. 3971].

116. Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363, 365, 502 and

503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of Employment

Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related

Relief [Docket No. 4016].

117. Notice of Filing of Unredacted Exhibit A to Motion of Debtor Dana Corporation,

Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A)

Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term

Incentive Plan and (C) Granting Related Relief [Docket No. 4032].

118. Objection to Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363,

365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of

Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C)

Granting Related Relief [Docket No. 4073].

119. Consolidated Response to Motion of Debtor Dana Corporation, Pursuant to

Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing

Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan

and (C) Granting Related Relief [Docket No. 4075].

120. Objection to  Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363,

365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of

MIAMI 738565 (2K)

Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief and Sur-Reply to Consolidated Reply to Objections to Debtor's Motion for Clarification and Reconsideration [Docket No. 4079].

121.    Statement of Official Committee of Equity Security Holders in Support of Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4083].

122.    Omnibus Reply to Objections to Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4108].

123.    Memorandum Opinion Signed on November 30, 2006 Approving, in Part, Debtors' Motion Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4193].

124.    Notice of Settlement of an Order with Respect to Motion of Debtor Dana Corporation, Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code, for an Order (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4314].

125.    Joint Objection of UAW and USW to Debtors' Proposed Order, Pursuant to Sections 105, 363, 365, 502 and 503 of the Bankruptcy Code (A) Authorizing Assumption of

MIAMI 738565 (2K)

Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4337].

126.    Order signed on December 18, 2006 (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long-Term Incentive Plan and (C) Granting Related Relief [Docket No. 4386].

127.    Joint Notice of Appeal from Order Authorizing Assumption of Employment Agreements [Docket No. 4451].

128.    Statement of Issues and Designation of Record Filed by International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and United Steelworkers (USW) [Docket No. 4503].

129.    Debtor Dana Corporation's Counterdesignation of Additional Items to be Included in the Record on Appeal of the December 18, 2006 Order (A) Authorizing Assumption of Employment Agreements, as Modified, (B) Approving Long Term Incentive Plan and (C) Granting Related Relief, Filed by UAW and USW [Docket No. 4552].

130.    Dana 8K filed March 13, 2007 for period ending March 12, 2007.

131.    Dana 13D/A filed June 22, 2007.

132.    Dana 13D/A filed June 29, 2007.

133.    Dana 8K filed July 10, 2007 for period ending July 5, 2007.

134.    Dana 13D/A filed July 19, 2007.

135.    Dana 8K filed July 20, 2007 for period ending July 20, 2007.

136.    Dana 13D/A filed July 23, 2007.

137.    Dana 13D/A filed July 26, 2007.

138.    Dana 8K filed July 31, 2007 for period ending July 25, 2007.

MIAMI 738565 (2K)

139.    Dana 8K filed July 31, 2007 for period ending July 31, 2007.

140.    Motion of Debtors and Debtors in Possession for an Order, Pursuant to 11 U.S.C.

Section 363, Authorizing Debtors to Terminate Unvested Non-Pension Benefits of (I) Non-

Union Retirees and (II) Non-Union Active Employees [Docket No. 4744].

Dated:  New York, New York
        August 23, 2007

                            _____/s/  Gerard Uzzi_____
                            WHITE & CASE LLP
                            1155 Avenue of the Americas
                            New York, New York 10036-2787
                            Tel:  (212) 819-8200
                            J. Christopher Shore (JS-3061)
                            Gerard Uzzi (GU-2297)

                            Wachovia Financial Center
                            Suite 4900
                            200 South Biscayne Blvd.
                            Miami, Florida 33131
                            Tel:  (305) 371-2700
                            Thomas E Lauria (*pro hac vice*)
                            Richard S. Kebrdle (*pro hac vice*)

                            ATTORNEYS FOR APPALOOSA
                            MANAGEMENT L.P.